**42**

**Elouise Pepion COBELL,
et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the
Interior, et al., Defendants.**

**No. CIV.A. 96–1285 (RCL).**

United States District Court,
District of Columbia.

March 3, 2003.

---

***ORDER***

LAMBERTH, District Judge.

This matter comes before the Court on Interior Defendants' motion to strike plaintiffs' untimely filings [1760], which was filed on January 30, 2003. Defendants state that plaintiffs made three filings in an untimely manner, and that these filings should be struck as untimely filed.[1] Although plaintiffs concede that the filings were made in an untimely manner, plaintiffs state that the lateness of the filing was due to an inadvertent miscalculation of the date by which they were required to respond to defendants' filings. The Court accepts plaintiffs' representation that the lateness of their filings resulted from a good faith misunderstanding regarding the date on which they were required to respond. Additionally, the Court is mindful of Rule 6(b)(2) of the Federal Rules of Civil Procedure, which provides in relevant part that "[w]hen ... by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." However, plaintiffs have failed to file any motion seeking relief under Rule 6(b)(2). Additionally, if the Court were to deem plaintiffs' opposition brief to constitute such a motion, it would be necessary for the Court to permit defendants to file an opposition brief in response, and to permit plaintiffs to submit a reply brief. The Court concludes that this simple procedural issue does not merit another round of briefing, especially given the parties' recent penchant for flooding the Court with motion after motion. Finally, although there might be merit in plaintiffs' argument that no prejudice has accrued to defendants from plaintiffs' having filed their responsive briefs a day or so late, the Court nevertheless concludes that it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules. Accordingly, it is hereby

ORDERED that defendants' motion to strike [1760] be, and hereby is, GRANTED.

SO ORDERED.

---

1. In a memorandum and order dated February 5, 2003, the Court granted defendants' motion as to the fourth of these filings, plaintiffs' reply brief in support of their motion to compel the testimony of Acting Special Trustee Donna Erwin.